**In re Petition for DISCIPLINARY ACTION AGAINST Hugh D. JAEGER, a Minnesota Attorney, Registration No. 49529.**

**No. A11–0182.**

Supreme Court of Minnesota.

Aug. 11, 2011.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Hugh D. Jaeger committed professional misconduct warranting public discipline, namely, neglecting multiple client matters, signing documents without consent, failing to return client files, and failing to cooperate with the disciplinary investigation, in violation of Minn. R. Prof. Conduct 1.3, 1.15(c)(4), 1.16(d), 4.1, 8.1(b), and 8.4(c), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent waives his procedural rights under Rule 14, RLPR, withdraws his previously filed answer, and admits the allegations of the petition. The parties jointly recommend that the appropriate discipline is a 120–day suspension from the practice of law, during which respondent will wind up and terminate his law practice. Respondent agrees not to engage in the practice of law in Minnesota or in any other jurisdiction after August 31, 2011, including acting as an attorney or agent based on authority granted by the United States Patent and Trademark Office. The parties further recommend that the reinstatement hearing provided for by Rule 18, RLPR, be waived, and that respondent be reinstated following the end of the suspension period to inactive status (retired). Respondent agrees not to seek reinstatement to active practice in Minnesota and not to seek admission (or reinstatement, if applicable) to the bar in any other jurisdiction.

We have independently reviewed the file and approve the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that, effective 10 days from the date of filing of this order, respondent Hugh D. Jaeger is indefinitely suspended from the practice of

law for a minimum of 120 days, subject to the following conditions:

a. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).

b. Respondent shall terminate his law practice by August 31, 2011. Respondent shall not engage in the practice of law in Minnesota or in any other jurisdiction, or act as an attorney or agent based on authority granted by the United States Patent and Trademark Office, after August 31, 2011, except that respondent may work as a patent examiner as an employee or agent of the Patent and Trademark Office.

c. The reinstatement hearing provided for in Rule 18, RLPR, is waived. Respondent shall be reinstated to inactive status (retired) following the end of the suspension period provided that, at least 15 days before the end of the suspension period, respondent files with the Clerk of Appellate Courts and serves upon the Director of the Office of Lawyers Professional Responsibility an affidavit establishing that respondent has complied with Rule 26, RLPR, has closed his law practice, and has complied with all other conditions imposed by this order.

Respondent shall not apply for reinstatement to the active practice of law in Minnesota, and shall not apply for admission to the bar (or reinstatement, if applicable) in any other jurisdiction. Respondent shall pay $900 in costs and disbursements pursuant to Rule 24, RLPR.

BY THE COURT

/s/Alan C. Page
Associate Justice